UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br><br> Defendant. | Case No. 19-cv-03134-DMR <br><br> **ORDER GRANTING MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 28 |

Plaintiff Donna M. filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision finding that she was not entitled to benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court granted Plaintiff's motion for summary judgment and remanded the case for further proceedings. [Docket No. 22.] Following remand, an Administrative Law Judge ("ALJ") found that Plaintiff is disabled and entitled to past-due disability benefits. Plaintiff's counsel Harvey Sackett now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 28.] The court ordered Sackett to submit supplemental briefing and evidence in support of the motion, which he timely filed. [Docket Nos. 31, 32.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.    BACKGROUND**

In 2005, the Social Security Administration ("SSA") found that Plaintiff was disabled beginning on January 1, 2003. In 2013, it found that she was no longer disabled as of July 1, 2013. The determination was upheld on reconsideration. Following a hearing, an administrative law judge ("ALJ") issued a decision in January 2016 finding that Plaintiff's condition had improved and that she was no longer disabled as of July 17, 2013. The Appeals Council reversed and remanded the matter. Following another hearing, the ALJ issued a second decision finding

1  that Plaintiff was no longer disabled as of July 17, 2013.  After the Appeals Council denied
2  Plaintiff's request for review, she appealed to this court.  The court granted Plaintiff's motion for
3  summary judgment and remanded the case for further administrative proceedings.  [Docket No.
4  22.]
5        On remand, an ALJ issued a favorable decision.  Pl.'s Mot. Ex. A.  The Social Security
6  Administration awarded Plaintiff a total of $218,343 in past-due disability benefits.  This amount
7  includes $143,527.80 in past-due benefits for Plaintiff and $74,815.20 in past-due benefits
8  awarded to Plaintiff's three children as "auxiliary" beneficiaries who became entitled to benefits
9  due to Plaintiff's award.  [Docket No. 32 (Supp. Br.), Exs. A-D (SSA Notices); Docket No. 33
10 (Def.'s Resp.) 1.]
11       The retainer agreement between Plaintiff and Sackett permits Sackett to request an
12 attorneys' fees award of up to 25% of any past-due benefits awarded.  Pl.'s Mot. Ex. C (Retainer
13 Agreement).  *See Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968) (holding that auxiliary back
14 benefits payable to a claimant's dependents are included in the total amount of back benefits to be
15 considered for purposes of an award of attorneys' fees).  Sackett is requesting $40,000 in
16 attorneys' fees, which is less than 25% of Plaintiff's total award of benefits.  From this amount,
17 Plaintiff will be refunded $5,074.42 for the Equal Access to Justice Act ("EAJA") fees this court
18 approved on January 8, 2021.  [*See* Docket No. 27.]  The net fee to Sackett is $34,925.58.
19 Defendant filed an analysis of the fee request.  [Docket No. 33.]  No party has objected to the
20 request.
21 **II.    LEGAL STANDARD**
22       Under the Social Security Act, an attorney who successfully represents a claimant before a
23 court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits
24 eventually awarded.  42 U.S.C. § 406(b).  While contingency fee agreements are permissible in
25 Social Security cases, section 406(b) "calls for court review of such arrangements as an
26 independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v.*
27 *Barnhart*, 535 U.S. 789, 807 (2002).  In deciding whether a fee agreement is reasonable, courts
28 must consider "the character of the representation and the results the representative achieved."

*Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

An award of fees under section 406(b) must be offset by any award of fees under EAJA. *Gisbrecht*, 535 U.S. at 796.

## III.  DISCUSSION

Sackett reports that he spent 28.5 hours litigating this case in federal court. Pl.'s Mot. Ex. D. Therefore, granting his request for $40,000 in attorneys' fees would result in an effective hourly rate of $1,403.[1]

Upon considering the record and arguments, the court finds that fees requested are reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The hours Sackett expended also appear to be reasonable. *See* Pl.'s Mot. Ex. D.

Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive fee awards under section 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement."

---

[1] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without first deducting the EAJA fee award that will be refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

3

*Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

Third, California district courts have awarded comparable or greater fees under section 406(b). *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable).

Finally, nothing in the record suggests that Sackett provided substandard representation. He achieved a substantial award of past-due benefits for his client.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $40,000. Sackett shall refund Plaintiff the $5,074.42 previously awarded under EAJA.

**IT IS SO ORDERED.**

Dated: December 28, 2023



Donna M. Ryu
Chief Magistrate Judge